**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DARRELL W. SAMUEL,
<u>Plaintiff-Appellant,</u>

v.

WILLIAM J. CLINTON, President of
the United States of America;
GEORGE BUSH, former President of
the USA; RONALD REAGAN, former
President of the USA; OLIVER L.
NORTH, former member of the
Marine Corps; JANET RENO,
Attorney General of the United
States; RICHARD THORNBURGH,
former Attorney General of the

United States; EDWIN A. MEESE, III,
former Attorney General of the
United States; WILLIAM FRENCH
SMITH, sued as the Estate of
William French Smith, former
Attorney General; GEORGE J. TENET,
Director of CIA; JOHN DEUTCH,
former Director of CIA; ROBERT
GATES, former Director of CIA;
WILLIAM CASEY, sued as the Estate
of William Casey, former Director
of CIA,
<u>Defendants-Appellees.</u>

No. 99-7681

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-99-2950)

Submitted: May 31, 2000

Decided: June 20, 2000

Before WILLIAMS and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Darrell W. Samuel, Appellant Pro Se. Robert F. Daley, Jr., Assistant
United States Attorney, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrell W. Samuel appeals the district court's dismissal of his
action under the civil remedies provision of the Racketeering Influ-
enced and Corrupt Organizations Act (RICO), 18 U.S.C.A. § 1964(c)
(West Supp. 2000). In his complaint, Samuel sought relief against
President Clinton and past presidents Bush and Reagan; Oliver North;
Janet Reno and three past Attorneys General; and present and past
directors of the Central Intelligence Agency. Seeking to proceed in a
class action, Samuel asserted that the defendants conspired to allow
the massive importation and distribution of cocaine to fund the Nica-
raguan Contras. He claimed that this conspiracy resulted in a wave of
cocaine addicts, drug dealers, and drug-related crime, a high rate of
imprisonment in the class of minorities he sought to represent, and

2

other economic impact. Samuel requested two billion dollars in damages for the class, trebled pursuant to 18 U.S.C. § 1964(c).

A pro se prisoner cannot represent others in a class action. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In addition, summary dismissal was appropriate for Samuel's complaint as there is no direct, causal connection between the activity that Samuel attributes to defendants and any injury to him. Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268-69 (1992) (holding proximate causation of injury by RICO violation necessary to support civil claim). Therefore, we affirm the district court's summary dismissal of Samuel's complaint, as well as the sanctions imposed under 28 U.S.C.A. § 1932 (West Supp. 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3